AO 245B (Rev. 09/19)   Judgment in a Criminal Case      (Form modified within District on October 3, 2024)
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL PALLESCHI | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  1:S1 21 CR 454-01 (CM)<br><br>USM Number:  55357-509<br><br>Daniel McGillycuddy<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   S1-1, S1-2, S1-3, S1-4, S1-5, and S1-6.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 371 | Conspiracy | 2/28/2019 | S1-1 |
| 15 U.S.C. 78j(b) & 78ff | Securities Fraud | 2/28/2019 | S1-2 |
| 18 U.S.C. 1343 & 2 | Wire Fraud | 2/28/2019 | S1-3 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   and instruments that are open   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/25/2025
Date of Imposition of Judgment

_Colleen McMahon_
Signature of Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/25/25

Colleen McMahon, U.S.D.J.
Name and Title of Judge

9/25/2025
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1A

Judgment—Page __2__ of __9__

DEFENDANT:  MICHAEL PALLESCHI
CASE NUMBER:  1:S1 21 CR 454-01 (CM)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 U.S.C. 78m & 78ff | Improperly Influencing the Conduct of Audits | 2/28/2019 | S1-4 |
| 18 U.S.C. 1028A & 2 | Aggravated Identity Theft | 2/28/2019 | S1-5 |
| 18 U.S.C. 1343 & 2 | Wire Fraud: Misappropriation | 12/31/2018 | S1-6 |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __9__

DEFENDANT:  MICHAEL PALLESCHI
CASE NUMBER:  1:S1 21 CR 454-01 (CM)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

ONE HUNDRERD FORTY-FOUR (144) MONTHS.

(60 months on Count 1 and 120 months on each of Counts 2 to 4 and 6, all to run concurrently, with a mandatory and consecutive 24 months on Count 5.  Total: 144 months.)

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____  ☐ a.m.  ☐ p.m.  on _____ .

    ☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑  before 2 p.m. on ___1/5/2026___ .

    ☐  as notified by the United States Marshal.

    ☑  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __9__

DEFENDANT:  MICHAEL PALLESCHI
CASE NUMBER:  1:S1 21 CR 454-01 (CM)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

THREE (3) YEARS.
(3 years on Counts 1 to 4 and 6, and 1 year on Count 5, all to run concurrently.).

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page ___5___ of ___9___

DEFENDANT: MICHAEL PALLESCHI
CASE NUMBER: 1:S1 21 CR 454-01 (CM)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT: MICHAEL PALLESCHI
CASE NUMBER: 1:S1 21 CR 454-01 (CM)

## SPECIAL CONDITIONS OF SUPERVISION

The Court recommends that the defendant be supervised in the district of residence. In addition to the mandatory and standard conditions, except the mandatory drug testing condition, which the Court hereby waives, the following special conditions apply:

Defendant must provide the probation officer with access to any requested financial information. Defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless defendant is in compliance with the installment payment schedule.

The defendant must submit to a search of defendant's person, property, residence, office, vehicle, papers, computers (as defined by 18 U.S.C. § 1030(e)(1)), cell phones, and other devices or media used for electronic communications, data storage, cloud storage, or network storage. The probation officer may conduct a search under this condition only when there is reasonable suspicion that defendant has violated a condition of defendant's supervision or committed a new crime, and that the areas to be searched contain evidence of this violation or crime. The search must be conducted by a United States Probation Officer, although other law enforcement officers may assist the probation officer. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. Defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___7___ of ___9___

DEFENDANT: MICHAEL PALLESCHI
CASE NUMBER: 1:S1 21 CR 454-01 (CM)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 600.00 | $ 13,541,407.75 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Shareholder Victims (See Schedule A) | $2,100,000.00 | $2,100,000.00 | See Restitution Order |
| FTE Networks, Inc. | $11,441,407.75 | $11,441,407.75 | See Restitution Order |

| **TOTALS** | $ 13,541,407.75 | $ 13,541,407.75 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ 13,541,407.75

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)  Case 1:21-cr-00454-CM   Document 119   Filed 09/25/25   Page 8 of 9
Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page  8  of  9
DEFENDANT: MICHAEL PALLESCHI
CASE NUMBER: 1:S1 21 CR 454-01 (CM)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Michael Palleschi, the defendant, shall pay restitution in a total amount of $13,541,407.75 to the victims of the offenses charged in Counts 1, 3, 5 and 6 pursuant to 18 U.S.C. §§ 3663 and 3663A as follows: a) $2,100,000.00 to the Shareholder Victims, which are the shareholders of FTE Networks, Inc. listed in Schedule A, other than Michael Palleschi, David Lethem, Anthony Sirotka, Daniel Moser and TLP Investments LLC; and b) $11,441,407.75 to FTE Networks, Inc, which is the sum of $10,894,561, representing the loss to FTE due to the convertible note fraud, and $546,846.75, representing the loss to FTE due to the defendant's personal use of NetJets.

Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

Restitution is joint and several in full with defendant David Lethem in United States v. Palleschi, et al., 21 Cr. 454 (CM). Restitution is joint and several in part with Anthony Sirotka in United States v. Palleschi, et al., 21 Cr. 454 (CM) and Daniel Moser in United States v. Moser, 22 Cr. 523 (RA), in the amounts of those defendants' respective liabilities to the Shareholder Victims as specified in Schedule B. The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein, or all victims have recovered their losses in full.

Restitution shall be paid to the victims on a pro rata basis, whereby each payment shall be distributed proportionally between FTE Networks, Inc. and the Shareholder Victims as follows: 1) 84 percent to FTE Networks, Inc.; and 2) 16 percent to the Shareholder Victims. Payments to the Shareholder Victims shall be on a pro rata basis based on the total number of restricted and unrestricted shares each Shareholder Victim owns so that each Shareholder Victim receives 1/18,569,575 of the amount of money available for distribution for each share the Shareholder Victim owns.

Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating § 3572), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the following manner: The total amount of restitution is due immediately; however, in the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).

The defendant will commence monthly installment payments of at least 15 percent of the defendant's gross income, payable on the first of each month, except that while the defendant serves a term of imprisonment, the required installment payments may be made through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP), subject to 18 U.S.C. § 3664(n). This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted.

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order.

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of: 1) any change of the defendant's name, residence, or mailing address; or 2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of the Shareholder Victims, Schedule A hereto shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court. (See Restitution Order signed 9/25/205.).

Defendant is ordered to forfeit $546,846.750 to the United States. (See Forfeiture Order signed 9/25/2025.).

Defendant must pay a $600 special assessment to the Clerk of the Court—the assessment is due and owing immediately.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __9__ of __9__

DEFENDANT: MICHAEL PALLESCHI
CASE NUMBER: 1:S1 21 CR 454-01 (CM)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    See previous page and restitution order for payment schedule and instructions.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| See previous page and restitution Ord. for joint and several liability instructions. | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    $546,846.75

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.