# LAW OFFICE OF THOMAS A. HARVEY PLLC

### 375 GREENWICH ST, 8TH FLOOR

#### NEW YORK, NEW YORK 10013

(212) 972-8935

Hon. Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: United States v. Michael Palleschi, 1:21-Cr-00454 (CM)**
**Request for Adjournment of Surrender Date Due to Medical Necessity**

Dear Judge McMahon:

I write on behalf of Mr. Palleschi to respectfully request a limited thirty (30) day adjournment of his surrender date to allow completion of the ongoing diagnostic process and treatment that formed the basis of the Court's December 23, 2025 order that granted the defendant a forty-five (45) day extension.

The Government previously agreed to a **"one-time"** forty-five (45) day extension to allow medical testing and treatment. The Government has indicated strong opposition to this application, asserting that the Federal Bureau of Prisons (BOP) can provide any required treatments in a timely fashion. While we respect that position, the current stage of Mr. Palleschi's evaluation, pending critical pathology results and specialty consultation, creates a substantial risk that transfer to BOP custody at this time would interrupt the diagnostic continuum, trigger redundant intake evaluations, and materially delay definitive staging and intervention if malignancy is confirmed. Such interruption could compromise timely care and necessitate additional future relief from the Court, contrary to judicial efficiency.

As detailed below, Mr. Palleschi has diligently pursued medical evaluation in good faith. Recent findings indicate a high suspicion of invasive colorectal cancer, with potential surgery required within approximately two (2) weeks of pathology confirmation. All anticipated treatment and initial recovery can realistically conclude within the requested thirty (30) days, allowing him to surrender in a medically optimized and stable condition and minimize the likelihood of future requests or complications.

- On January 6, 2026, Mr. Palleschi underwent CT imaging revealing **"severe thickening of the distal descending colon and proximal sigmoid colon highly suspicious for neoplasm,"** as well as **enlarged adrenal nodules "for which a neoplastic process cannot be excluded."** His physicians recommended urgent gastrointestinal and surgical consultation, colonoscopy, and MRI. **(Exhibit A.)**

- On February 6, 2026, MRI confirmed bilateral adrenal nodules requiring specialty follow-up. A urology consultation is scheduled for March 6, 2026. **(Exhibit B.)**

- Also on February 6, 2026, colonoscopy identified and removed multiple polyps (2 mm to 2 cm), several requiring hemostatic clips due to active bleeding; diverticulosis was noted. Pathology results remain pending. **(Exhibit C.)**

## LAW OFFICE OF THOMAS A. HARVEY PLLC

### 375 GREENWICH ST, 8TH FLOOR

### NEW YORK, NEW YORK 10013

---

(212) 972-8935

Given the size and number of polyps removed, the possibility of invasive malignancy remains significant and cannot be excluded. Should malignancy be confirmed, Mr. Palleschi faces prompt surgical intervention (e.g., left colectomy with lymph node dissection) to stage the disease accurately, prevent progression, and reduce recurrence risk.

Although core diagnostic procedures occurred within the prior extension, the final pathology review, urology consultation, and treatment decision-making could not reasonably conclude before the current surrender date due to standard processing timelines and specialist scheduling. This application seeks only to finish the same malignancy workup the Court previously authorized—no new conditions are asserted.

If Mr. Palleschi were to surrender as scheduled, the active diagnostic process would be interrupted mid-stream. Transfer to Bureau of Prisons custody at this juncture would likely require intake evaluation and reassessment before specialty referral, materially delaying definitive staging and treatment planning in the event malignancy is confirmed.

The requested thirty (30) day adjournment is narrowly tailored to permit: (1) receipt and review of pathology results; (2) completion of the scheduled specialty consultation; and (3) determination of whether surgical or oncologic intervention is required. No further adjournment is anticipated.

Mr. Palleschi has fully complied with all release conditions and pursued care promptly and diligently. Granting this brief, defined extension would best serve the interests of justice by ensuring Mr. Palleschi enters custody medically stable, minimizing disruption to BOP resources, and avoiding foreseeable future applications.

We respectfully request that the Court grant this limited adjournment and set the new surrender date as March 24, 2026

My co-counsel spoke with AUSA James McMahon and he opposes the requested extension.

Mr. Palleschi's pretrial services officer does not take a position with respect to the foregoing.

Thank you for your consideration in this matter.

Respectfully submitted,

Thomas Harvey/DMM

cc: All Counsel of Record via ECF
and PTS via email (Lanique_rhyne@nyspt.uscourts.gov)